X Q. If this colored polystyrene resin didn't act as a binding agent, what would happen to the web?—A. The web would disintegrate as the cohesive would be gone.

JUDGE MOLLISON: But the threads would not disintegrate as threads?

WITNESS: No.

X Q. Using Exhibits #1 and #2 [the representative samples] will you demon-- strate the function of the colored polystyrene in acting as a binder?—A. The polystyrene beads form a web by means of the cotton threads passing from one to another; in that respect, the plastic does serve to bind the threads into the web pattern.

CHIEF JUDGE OLIVER: These little square beads are made of synthetic resin?

WITNESS: Yes, wholly made of synthetic resin.

CHIEF JUDGE OLIVER: And the items which are made wholly of synthetic resin are held together in the form as we see them in these exhibits by the cotton threads passing through them?

WITNESS: Yes.

CHIEF JUDGE OLIVER: So if you took the cotton threads out, you would have a mass of these little squares, these little beads which are made wholly of synthetic resin, is that right?

WITNESS: Yes. (R. pp. 9–11.)

On motion of plaintiff's counsel, to which no objection was made, the records in the following cases were incorporated as part of the record in the case at bar: *Fan Co. et al.* v. *United States*, 14 Cust. Ct. 180, Abstract 49907; *Mimosa American Corp.* v. *United States*, 15 Cust. Ct. 338, Abstract 50728; and *Tuck High & Co.* v. *United States*, 16 Cust. Ct. 230, Abstract 50912. Those cases related to various items of imported merchandise, including mah jong sets, exposure meters, and playing cards, all composed in chief value of synthetic resin, not laminated nor made of laminated products, and in which the synthetic resin did not act as a binding agent. It was there held that in view of these facts the merchandise was excluded from classification under paragraph 1539 (b) of the Tariff Act of 1930, and, as there is no provision for manufactures composed wholly or in chief value of synthetic resin, either directly or by similitude, that it was properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the tariff act for nonenumerated manufactured articles.

It was not established in the case at bar, as it was in the incorporated cases, that the merchandise is composed wholly or in chief value of synthetic resin. For all the record shows, the cotton threads may be the component material of chief value in the article. Further, in the incorporated cases it appeared that the synthetic resin did not act as a binding agent, while in the case at bar it has been established that the synthetic resin beads bind the threads into the web pattern.

On the record before us we are constrained to hold that the presumption of correctness attaching to the collector's classification has not been overcome by the proof offered, and judgment will therefore issue overruling the protest accordingly.

No. 54619.—Theo. L. Stern & Co., Inc. v. United States, protests 114724–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of shell strands similar in all material respects to those the

subject of *United States* v. *Colonial Bead Co., Inc.* (36 C. C. P. A. 78, C. A. D. 401), the claim of the plaintiff was sustained.

**No. 54620.**—Eitinger Bead Co. et al. *v.* United States, protests 115175–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of shell strands similar in all material respects to those the subject of *United States* v. *Colonial Bead Co., Inc.* (36 C. C. P. A. 78, C. A. D. 401), the claim of the plaintiffs was sustained.

**No. 54621.**—Eve Brueser Studios, Inc., et al. *v.* United States, protests 117167–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of shell strands similar in all material respects to those the subject of *United States* v. *Colonial Bead Co., Inc.* (36 C. C. P. A. 78, C. A. D. 401), the claim of the plaintiffs was sustained.

**No. 54622.**—Karavan Trading Co. *v.* United States, protest 117228–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of shell strands similar in all material respects to those the subject of *United States* v. *Colonial Bead Co., Inc.* (36 C. C. P. A. 78, C. A. D. 401), the claim of the plaintiff was sustained.

**No. 54623.**—President Novelty & Jewelry Co., Inc. *v.* United States, protest 121414–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of shell strands similar in all material respects to those the subject of *United States* v. *Colonial Bead Co., Inc.* (36 C. C. P. A. 78, C. A. D. 401), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, AUGUST 22, 1950

**No. 54624.**—The J L. Hudson Company *v.* United States, protest 153526–K (Detroit).